UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARETOLIVE.**

      **Plaintiff,**                                      Case No. 2:07-cv-729
                                                         JUDGE GREGORY L. FROST
      v.                                         Magistrate Judge Norah McCann King

**ANDREW von ESCHENBACH, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter came before the Court on Defendants' Motion for Protective Order (Doc. # 26), Plaintiff's Memorandum *Contra* (Doc. # 28), and Defendants' Reply in Support of its Motion (Doc. # 36), and on Defendants' Motion to Quash Notices of Deposition (Doc. # 50). For the reasons that follow, the Court **GRANTS** both of Defendants' motions.

**I.  BACKGROUND**

On September 13, 2007, this Court issued an Order which stayed discovery in this action until the pending motion for a protective order was briefed and ruled upon. (Doc. # 27.) That Order also set an expedited briefing schedule with regard to Defendants' anticipated motion to dismiss. Defendants have since filed two motions to dismiss, which, if granted would require dismissal of this action in its entirety.

On October 28, 2007, Plaintiff noticed ten depositions. (Doc. # 49, Ex. A.) The following day Defendants moved to quash these notices. (Doc. # 50.)

**II.  DISCUSSION**

**A.  Notice of Depositions**

Defendants request that this Court quash the notices of deposition filed by Plaintiff

because they were filed in violation of this Court's September 13, 2007 Order. Defendants do not invoke any particular rule under which it moves. This Court, however, has the inherent power to manage its docket efficiently. *See In re Airline Pilots Assn. v. Miller*, 523 U.S. 866, 880 (1998). This power unquestionably includes the ability to quash notices filed in violation of an order of this Court.

Accordingly, Defendants' Motion to Quash Notices of Deposition is **GRANTED**.

**B. Protective Order**

Rule 26 of the Federal Rules of Civil Procedure provides that a person from whom discovery is sought may move the court, for good cause shown, to issue an order protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). This rule authorizes a court to order certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c)(4). The grant or denial of motions for protective orders falls within the "broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).

Rule 26(c) also requires that a party certify "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *See also* S.D. Ohio Civ. R. 37.2 (2007). The Court is satisfied that this prerequisite has been met in this case. (Doc. # 26 at 3-4.)

In the instant action, Defendants request that this Court issue a protective order that would prohibit all discovery pending the issuance of a decision on their two motions to dismiss. Defendants argue, *inter alia*, that it is appropriate to stay discovery (1) because no discovery is

permitted in this action, (2) because preliminary issues are dispositive and are not yet decided, and/or (3) because the requests are premature.  Defendants' arguments are well-taken.

### 1.  Discovery in Administrative Procedure Acts cases

The parties agree that this action is brought pursuant to the Administrative Procedure Act ("APA").  5 U.S.C.S. § 706.  In an APA action, it is well settled that:

> "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  The task of the reviewing court is to apply the appropriate APA standard of review, 5 U. S. C. § 706, to the agency decision based on the record the agency presents to the reviewing court.  *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971).
>
> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*FloridaPower & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).  *See also Buckeye Forest Council v. United States Forest Serv.*, 378 F. Supp. 2d 835, 842 (S.D. Ohio 2005) (same).

There is no evidence before this Court that would indicate that this action presents that rare circumstance where supplementation of the administrative record would be appropriate. Accordingly, Defendants are entitled to protection from Plaintiff's discovery requests.

### 2.  Dispositive preliminary issues

Even if Plaintiff were entitled to discovery in this action, it would be appropriate to stay that discovery because currently pending before this Court are two motions to dismiss based upon lack of subject matter jurisdiction.  (Doc. ## 37, 38.)  Defendants raise, *inter alia*, qualified immunity as a complete defense from suit.  *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (a defendant must have the opportunity to raise qualified immunity in their first responsive

pleading or motion, which is "an immunity from suit rather than a mere defense to liability").  If a defendant raises qualified immunity in a motion to dismiss or prediscovery motion for summary judgment, then discovery should not be allowed until the threshold immunity question is resolved.  *Id.  See also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery" citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Accordingly, it is appropriate to prohibit discovery in this action until the pending motions to dismiss are decided.

### 3.  Premature requests

Even if Plaintiff were entitled to discovery in this action and it was not appropriate to prohibit discovery until the pending resolution of the immunity defense, this Court would still grant Defendants protection from discovery because Plaintiff's discovery requests are violative of Rules 26(d) of the Federal Rules of Civil Procedure.  Rule 26(d) provides that, except "when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).

This Court has scheduled the preliminary pretrial conference on November 21, 2007. (Doc. # 21.)  The Rule 26(f) report is due at least seven days before this scheduled conference. *Id.*  Until the parties have conferred pursuant to Rule 26(f), Rule 26(d) prohibits Plaintiff  from seeking discovery from any source, absent leave of Court (or as allowed by another rule, or by agreement of the parties).

In this action, Plaintiff has obtained neither leave from this Court to engage in discovery

4

nor the consent of the parties to do so.  Accordingly, this Court shall prohibit discovery in this action in accordance with the Federal Rules of Civil Procedure.

### 4.  Conclusion to Defendants' request for protection from discovery

Discovery is most likely not permitted in this APA action.  *See FloridaPower & Light Co.*, 470 U.S. at 743-44.  Further, discovery is prohibited in this action at least until the parties have conferred pursuant to Rule 26(f).  Fed. R. Civ. P. 26(d).  Finally, since Defendant relies on qualified immunity as a defense to bringing this suit, it is appropriate for the Court to resolve that threshold issue before permitting discovery.  *See Harlow*, 457 U.S. at 818.

Accordingly, the Court **GRANTS** Defendants' Motion for Protective Order.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Protective Order (Doc. # 26), **STAYS DISCOVERY** and **GRANTS** Defendants' Motion to Quash Notices of Deposition (Doc. # 50).

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**