UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARETOLIVE.**

    **Plaintiff,**       Case No. 2:07-cv-729
                   JUDGE GREGORY L. FROST
    v.                    Magistrate Judge Norah McCann King

**ANDREW von ESCHENBACH, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Disqualify Counsel (Doc. # 30), Response of Defendants in Opposition to Plaintiff's Motion to Disqualify (Doc. # 40), and Plaintiff's Reply to Defendants' Memorandum in Opposition to Disqualify the Department of Justice from Representation of Defendants ("Plaintiff's Reply") (Doc. # 53).  In Plaintiff's Reply, Plaintiff also requests an "in camera hearing with transcript . . . under seal."  For the reasons that follow, the Court **DENIES** both Plaintiff's Motion to Disqualify Counsel and Plaintiff's request for a hearing.

### I.  BACKGROUND

On September 29, 2007, Plaintiff filed its motion to disqualify Defendants' counsel in this action.  Plaintiff contends that, the United States Attorney and other representatives of the Department of Justice should be prohibited from representing any and/or all Defendants in this matter because of conflicts of interest and potential breaches of ethical duty.

### II.  DISCUSSION

**A.  Standard**

The power to disqualify an attorney, or attorneys, from a case is incidental to all courts.

*SST Castings, Inc. v. Amana Appliances, Inc*., 250 F. Supp. 2d 863, 865 (S.D. Ohio 2002).  In this case, the applicable Ohio ethical standard is Rule 1.7 of the Ohio Rules of Professional Conduct:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
>> (1) the representation of that client will be directly adverse to another current client; [or]
>>
>> (2) there is a <u>substantial</u> risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

Ohio Prof. Cond. Rule 1.7 (Emphasis in original).

As the moving party, Plaintiff bears the burden of establishing the need for disqualification.  *Nilavar v. Mercy Health Sys.-W. Ohio*, 143 F. Supp. 2d 909, 912 (S.D. Ohio 2001).  Disqualification of a party's attorney is a drastic remedy which should be reserved for cases in which an actual ethical impropriety would taint the trial by undermining a court's confidence in an attorney's representation of his client.  *See SST Castings*, 250 F. Supp. 2d at 865 (citing *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257-59 (S.D. Ohio 1991)).  *See also Wilson v. Morgan*, 477 F.3d 326, 345 (6th Cir. 2007) ("To prevail, plaintiffs must demonstrate that defense counsel 'actively represented conflicting interests and that an actual conflict of interest adversely affected [defense counselor's] performance.' " quoting *Gordon v. Norman*, 788 F.2d 1194, 1198 (6th Cir. 1986)).  Moreover, "[m]otions for attorney disqualification 'should be viewed with extreme caution for they can be misused as a technique of harassment.' " *Kitchen*, 769 F. Supp. at 256-57.

### B. Application

Plaintiff utterly fails to meet the substantial hurdles that confront motions to disqualify counsel. Plaintiff's motion is replete with phrases such as "It is ... believed," "evidence will suggest," "it is possible," "conflict may exist," and "[i]t is maintained that Defendant," all of which demonstrate that no conflict currently exists. Such wholly speculative "conflicts" fall woefully short of what must be shown to demonstrate a conflict of interest.

With regard to Plaintiff's request for oral argument, the Local Rules for the Southern District of Ohio provides for such requests if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). Whether to grant or deny oral argument is left to the sound discretion of the trial court. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, *5-6 (S.D. Ohio July 27, 2006). The Court concludes that oral argument is not essential to the fair resolution of Plaintiff's Motion to Disqualify Counsel.

### III.  CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Disqualify Counsel (Doc. # 30), and **DENIES** Plaintiff's request for oral argument on that motion.

**IT IS SO ORDERED.**

/s/Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE