UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARETOLIVE,**

      **Plaintiff,**                          Case No. 2:07-cv-729
                                            JUDGE GREGORY L. FROST
      **v.**                                  Magistrate Judge Norah McCann King

**ANDREW von ESCHENBACH, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to dismiss the pending motion for sanctions. (Doc. # 73.) Plaintiff argues that this case is on appeal and, therefore, this Court lacks jurisdiction to decide the pending motion for sanctions. Plaintiff, however, is mistaken.

The United States Court of Appeals for the Sixth Circuit has consistently held that the trial court is in the best position to decide certain collateral matters such as sanctions, attorneys' fees and costs, even while divested of jurisdiction over the substantive matters in a case. *See Phelan v. Bell*, 8 F.3d 369, 372 (6th Cir. 1993); *Val-Land Farms, Inc. v. Third National Bank in Knoxville*, 937 F.2d 1110, 1117 (6th Cir. 1991); *Kallok v. Boardman Local School District Bd. of Ed.*, 24 F. Appx. 496, 498 (6th Cir. 2001); *AAA Venetian Blind Sales, Inc., v. Beaulieu of America, Inc.*, Nos. 96-1108, 96-1844, 1997 U.S. App. LEXIS 22461, at *13 (6th Cir. Aug. 19, 1997).

Indeed, despite the title "motion to dismiss," most of Plaintiff's motion sets forth arguments in opposition to those contained in the pending motion for sanctions. However, the motion for sanctions was filed on November 26, 2007 (Doc. # 66) leaving the date for opposing

the motion weeks past.  Moreover, this Court scheduled a non-oral hearing on January 18, 2008 (Doc. # 67) and in the Opinion and Order which granted Defendants summary judgment in this case it specifically informed the parties that it would retain jurisdiction to decide the motion for sanctions (Doc. # 69 at 28: "the Court retains jurisdiction over the pending motion for sanctions").  Finally, Plaintiff submits no reason why this Court should extend the deadline date which has already passed.

Accordingly, the Court **DENIES** Plaintiff's motion to dismiss.  (Doc. # 73.)

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**